UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT ASGAARD, ALAN D. PAANANEN, G. SCOTT PERRY, CHARLES R. SUNDBERG, and SCOTT P. SUNDBERG | ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| *v.* | ) ) | No. 2:06-cv-063 *Edgar* |
| PENSION COMMITTEE, THE PLAN ADMINISTRATOR, PENSION PLAN FOR THE EMPLOYEES OF CLEVELAND-CLIFFS, INC., AND ITS ASSOCIATED EMPLOYERS - PART C (THE PENSION PLAN), HEALTHCARE BENEFITS PROGRAM FOR SALARIED RETIREES AND SURVIVING SPOUSES OF CLEVELAND-CLIFFS, INC. AND ASSOCIATED EMPLOYERS (THE RETIREE MEDICAL PLAN), TILDEN MINING COMPANY, L.C., CLIFFS MICHIGAN MINING COMPANY, CLIFFS MINING SERVICES COMPANY INC., EMPIRE IRON MINING PARTNERSHIP, CLIFFS EMPIRE, INC., THE CLEVELAND-CLIFFS IRON COMPANY, INC., and CLEVELAND-CLIFFS INC., Jointly and Severally, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

**MEMORANDUM**

Plaintiffs Robert Asgaard, Alan D. Paananen, G. Scott Perry, Charles R. Sundberg, and Scott

P. Sundberg bring this action against defendants Pension Committee, the Plan Administrator,

Pension Plan for the Employees of Cleveland-Cliffs, Inc., and its Associated Employers - Part C (the "Pension Plan"), Healthcare Benefits Program for Salaried Retirees and Surviving Spouses of Cleveland-Cliffs, Inc., and Associated Employers (the "Retiree Medical Plan"), Tilden Mining Company, L.C., Cliffs Michigan Mining Company, Cliffs Mining Services Company, Inc., Empire Iron Mining Partnership, Cliffs Empire, Inc., the Cleveland-Cliffs Iron Company, Inc., and Cleveland-Cliffs Inc., jointly and severally, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [Court Doc. No. 5].  Defendants argue that plaintiffs have failed to exhaust their administrative remedies under ERISA.  Plaintiffs oppose the motion. [Court Doc. No. 7].

After reviewing the plaintiffs' amended complaint [Court Doc. No. 8], the Court concludes that the defendants' Rule 12(b)(6) motion is without merit and it will be **DENIED**.  This matter will be remanded to defendants to complete the review of the plaintiffs' appeal and to render a final administrative decision in accordance with deadlines established by this Court.  Pending the remand, the Court retains jurisdiction over this civil action and will stay further judicial proceedings.

I.      **Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  Rule 12(6)(b) permits a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277,

279 (6th Cir. 1987).  A complaint should not be dismissed under Rule 12(b)(6) unless it appears

beyond doubt that no relief could be granted under any set of facts that could be proved by the

plaintiff consistent with the allegations in the complaint, i.e., the legal protections invoked by the

plaintiff do not provide relief for the conduct alleged in the complaint.  *Golden v. City of Columbus*,

404 F.3d 950, 959 (6th Cir. 2005); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996);

*see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226,

228 (6th Cir. 1997); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

To preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or

inferential allegations which comprise all of the essential elements necessary to sustain a claim for

relief under some viable legal theory.  *Golden*, 404 F.3d at 959; *Lewis v. ACB Business Services,

Inc.*, 135 F.3d 389, 406 (6th Cir. 1998); *Columbia Natural Resources*, 58 F.3d at 1109; *Allard v.

Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Scheid v. Fanny

Farmer Candy Shops*, *Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  The Court construes the complaint

in the light most favorable to the plaintiff and accepts all well-pleaded allegations of fact in the

complaint as being true.  *Scheur v. Rhodes*, 416 U.S. 232 (1974); *Weiner v. Klais and Co., Inc.*, 108

F.3d 86, 88 (6th Cir. 1997); *Columbia Natural Resources*, 58 F.3d at 1109; *Mayer*, 988 F.2d at 638;

*Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989).

When a factual allegation is capable of more than one reasonable inference, it must be

construed in the plaintiff's favor.  *Saglioccolo*, 112 F.3d at 228; *Columbia Natural Resources*, 58

F.3d at 1109.  The Court may not grant a Rule 12(b)(6) motion to dismiss simply because the Court

does not believe the allegations of fact in the complaint.  *In re Sofamor Danek Group, Inc.*, 123 F.3d

394, 400 (6th Cir. 1997); *Saglioccolo*, 112 F.3d at 228-29; *Columbia Natural Resources*, 58 F.3d

at 1109; *Allard*, 991 F.2d at 1240.

The Court does not accept as true mere legal conclusions and unwarranted inferences of fact. *Lewis*, 135 F.3d at 405; *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *Columbia Natural Resources*, 58 F.3d at 1109; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The liberal standard of review under Rule12(b)(6) requires the complaint to do more than recite bare legal conclusions. *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 847 (6th Cir. 2006); *Golden*, 404 F.3d at 959.

## II.     Plaintiff's Amended Complaint

Pursuant to Rule 12(b)(6), the Court has reviewed the amended complaint [Court Doc. No. 8] in the light most favorable to the plaintiffs.  The amended complaint alleges the following.

Defendants Tilden Mining Company, L.C., Cliffs Michigan Mining Company, Cliffs Mining Services Company, Inc., Empire Iron Mining Partnership, Cliffs Empire, Inc., the Cleveland-Cliffs Iron Company, and Cleveland Cliffs, Inc. were employers, parties in interest, plan sponsors, and fiduciaries under ERISA.  The Pension Plan is an ERISA welfare benefit plan pursuant to 29 U.S.C. § 1002.  Defendants Pension Committee and Plan Administrator are ERISA plan administrators and fiduciaries under 29 U.S.C. § 1002.  Defendant Cleveland Cliffs, Inc. employed all of the plaintiffs for several years through June 2003.  Plaintiffs were participants in the Pension Plan and the Retiree Medical Plan and were vested in those plans.

Managers of Cleveland Cliffs, Inc. induced plaintiffs to terminate their employment and retire in June 2003 by informing the plaintiffs that the work force was going to be reduced in July 2003, that no enhanced benefits would be provided to those employees selected for termination, and that

the cost of retirement health care benefits would increase if plaintiffs waited to retire in July 2003 or later.  Based on their reliance on this information, plaintiffs decided to retire from employment at Cleveland Cliffs in June 2003.

Following the plaintiffs' retirement, Cleveland Cliffs terminated many of its employees. The employees who were terminated in July 2003 were provided with an enhanced benefit of up to 111% of one year of their salary to their cash balance pension account under the Pension Plan.  This enhanced benefit was called Special Cash Balance Account Credit and was vested under the Pension Plan even if the rest of an employee's benefits were not vested.  The cost of health insurance for employees terminated in July 2003, did not increase and the company agreed to pay for the health and medical benefits of these employees for up to one year.

It is alleged that defendants seriously considered these "plan enhancements" prior to July 2003, but failed to inform the plaintiffs about the plan enhancements.  Instead, defendants informed plaintiffs that there would be no plan enhancements.  The defendants' failure to inform plaintiffs of the plan enhancements breached the defendants' fiduciary duty under ERISA, 29 U.S.C. § 1104.  The defendants' actions caused plaintiffs to retire from Cleveland Cliffs in June 2003 which prevented plaintiffs from being considered for work force reduction and being eligible to receive the plan enhancements.

On September 17, 2004, plaintiffs filed a claim for payment of ERISA benefits.  On December 16, 2004, the Director of Compensation and Benefits for Cleveland Cliffs and the Pension Committee denied the plaintiffs' claims.  The reason given for the denial was that plaintiffs were not eligible for the enhanced plan benefits because plaintiffs voluntarily retired in June 2003, and plaintiffs were not part of the reduction in work force in July 2003 and could not show that they

would have been selected for the reduction in work force.

On February 11, 2005, plaintiffs appealed the denial of benefits to the defendants.  On April 13 and 14, 2005, plaintiffs made formal written requests for documents from defendants in order to allow plaintiffs to fully litigate their claims for ERISA benefits.  On April 18, 2005, defendants gave notice that once plaintiffs received their requested documents, plaintiffs would have two weeks to submit additional information regarding their claims.  Defendants also informed plaintiffs that the time for rendering an administrative decision would be "tolled."

On May 9, 2005 defendants requested clarification of the plaintiffs' request for documents. On May 16, 2005, plaintiffs sent defendants a letter responding to the defendants' request for clarification.

On June 16, 2005, plaintiffs sent a letter to defendants stating that plaintiffs had not received the requested documents.  The plaintiffs' letter  inquired as to the status of the matter.  On July 28, 2005, plaintiffs received a reply letter from defendants.   In the letter, defendants stated that defendants were in the process reviewing the plaintiffs' request for documents and gathering documents, and that defendants would continue the process of reviewing the plaintiffs' claims.

As of the date when the amended complaint was filed on June 5, 2006, plaintiffs have not received the documents they requested and plaintiffs have not received any further communication from defendants.  The original schedule submitted by defendants with regard to the appeal stated that an administrative decision would be rendered by June 14, 2005.  Defendants have not complied with the plaintiffs' request for documents, and defendants have not issued a decision on the plaintiffs' ERISA administrative appeal.  Plaintiffs contend that because defendants have failed to follow the proper claims procedures, plaintiffs should be deemed to have exhausted their administrative claims

and remedies.

Plaintiffs assert claims of breach of fiduciary duty on the grounds that: (1) defendants have failed and refused to timely comply with the plaintiffs' requests for documents; and (2) defendants have not rendered a decision on the plaintiffs' appeal.   As a result of the defendants' conduct, plaintiffs claim that they have lost enhanced benefits under the Pension Plan and the Medical Plan. Plaintiffs demand judgment against each defendant in excess of $75,000 and that defendants pay plaintiffs the full amount of benefits due under the Pension Plan and the Medical Plan, with interest thereon.  Plaintiffs also demand attorney's fees under 29 U.S.C. § 1132.

III.     **Analysis**

A.     **Exhaustion of Administrative Remedies Under ERISA**

Defendants argue that the plaintiffs' complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) on the ground that plaintiffs have failed to exhaust their claims under ERISA.  29 U.S.C. § 1133(2) provides that "[e]very employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."   An ERISA plan beneficiary may bring a civil action to recover benefits.  29 U.S.C. § 1132(a)(1)(B); *Weiner*, 108 F.3d at 90.

Although ERISA does not contain an explicit exhaustion requirement, the Sixth Circuit has determined that ERISA requires a plan participant to exhaust his or her administrative remedies prior to commencing suit in federal court.  *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991).  The exhaustion requirement enables ERISA plan fiduciaries to efficiently manage their funds, correct their errors, interpret plan

provisions, and assemble a factual record which will assist a federal court in reviewing the fiduciaries' actions. *Weiner*, 108 F.3d at 90; *Baxter*, 941 F.2d at 453; *Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989). The Sixth Circuit recognizes an exception to the exhaustion requirement when resort to the administrative route is futile or the remedy is inadequate. *Weiner*, 108 F.3d at 90; *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994).

Plaintiffs appealed the defendants' denial of their claims regarding the denial of enhanced plan benefits provided to employees terminated by Cleveland-Cliffs, Inc. in July 2003. However, plaintiffs assert that defendants have yet to make a final administrative decision regarding their appeal. The amended complaint alleges that the plaintiffs first appealed the adverse decision on February 11, 2005 and that as of this date, defendants have failed to provide plaintiffs with the requested documents and defendants have not rendered a decision on the plaintiffs' appeal.

Plaintiffs make three arguments regarding why their failure to exhaust their appeal through the defendants' appeal procedures should not preclude plaintiffs from bringing the instant action in this Court. First, plaintiffs argue 29 C.F.R. § 2560.503-1 provides that the plaintiffs' claims are deemed exhausted due to the defendants' failure to decide the appeal in a timely manner. In the alternative, plaintiffs argue that exhausting their administrative remedies at this juncture would be futile. Finally, plaintiffs argue that since they are claiming a breach of fiduciary duty, their claims are not subject to ERISA's exhaustion requirement. The Court will address each of these arguments in turn.

**1.      29 C.F.R. § 2560.503-1**

ERISA provides that an employee benefit plan should allow for a "full and fair review" of any denial of benefits. 29 U.S.C. § 1133(2). 29 C.F.R. § 2560.503-1 "sets forth the minimum

requirements for employee benefit plan procedures pertaining to claims for benefits by participants

and beneficiaries (hereinafter referred to as claimants).  Except as otherwise specifically provided

in this section, these requirements apply to every employee benefit plan described in section 4(a) and

not exempted under section 4(b) of the Act." 29 C.F.R. § 2560.503-1(a).  ERISA defines "employee

benefit plans" as "an employee welfare benefit plan or an employee pension benefit plan or a plan

which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C.

§ 1002(3).  Employee welfare plans generally encompass such benefits as healthcare benefits,

vacation benefits, day care programs, and scholarship funds.  29 U.S.C. § 1002(1).  Employee

pension plans generally encompass retirement plans for employees or deferred income plans.  29

U.S.C. § 1002(2)(A).

The regulation requires ERISA plan administrators to "establish and maintain reasonable

claims procedures." 29 C.F.R. § 2650.503-1(b).  Such procedures include procedures "governing

the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit

determinations. *Id.* The regulation describes obligations for claims for benefits, the timing of

notification of benefit determinations, and the manner and content of notices of benefit

determinations.  29 C.F.R. § 2650-503-1(e)-(g).  29 C.F.R. § 2650.503-1 also provides for appeal

procedures and establishes timetables for determining appeals. The regulation states in relevant part:

> (h) Appeal of adverse benefit determinations.
> (1) In general.  Every employee benefit plan shall establish and maintain a procedure
> by which a claimant shall have a reasonable opportunity to appeal an adverse benefit
> determination to an appropriate named fiduciary of the plan, and under which there
> will be a full and fair review of the claim and the adverse benefit determination.

29 C.F.R. § 2560.503-1(h).  The regulation also requires plan administrators to provide claimants

"upon request and free of charge, reasonable access to, and copies of, all documents, records, and

other information relevant to the claimant's clam for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii).

The regulation defines what documents are relevant to the claim for benefits. 29 C.F.R. § 2560.503-1(m)(8).

29 C.F.R. § 2560.503-1 provides explicit guidance on the timing of notification of a benefit determination upon review. The regulation states in relevant part:

> . . . the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 60-day period. In no event shall such extension exceed a period of 60 days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.

29 C.F.R. § 2560.503-1(i)(1)(i). Different rules apply to plans with committees or boards of trustees named as fiduciaries, group health plans, and disability claims. 29 C.F.R. §§ 2560.503-1(i)(1)(ii), (i)(2), and (i)(3). The regulation requires that the notification of the benefit determination on review contain certain specific information, including the specific reasons for the adverse determination. 29 C.F.R. § 2560.503-1(j). Claims procedures will only be deemed reasonable if they comply with the regulatory subsections (h), (i), and (j), among others. *See* 29 C.F.R. § 2560.503-1(b)(1).

The regulation also states that:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, *a claimant shall be deemed to have exhausted the administrative remedies available under the plan* and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l) (emphasis added).  The regulation applies to "claims filed under a plan

on or after January 1, 2002."  29 C.F.R. § 2560.503-1(o).

In the instant case, the amended complaint alleges that plaintiffs filed their appeal of the

defendants' denial of benefits on February 11, 2005, following the December 16, 2004 denial.  On

April 13 and 14, 2005, plaintiffs requested documents from defendants, and on April 18, 2005,

defendants informed plaintiffs that the time for making a decision "would be tolled."  On May 9,

2005, defendants requested clarification of the plaintiffs' request for additional documents, and on

May 16, 2005, plaintiffs responded to the defendants' inquiry.

On June 16, 2005, plaintiffs asked defendants where were the documents that plaintiffs had

requested.  On July 28, 2005, defendants responded to the plaintiffs' letter indicating that defendants

were still in the process of reviewing the plaintiffs' requests for documents and gathering the

necessary documents.  Plaintiffs heard nothing further from defendants and filed their lawsuit in this

Court on March 6, 2006.

The amended complaint alleges that plaintiffs waited over one year from the initial date of

the appeal of the denial of their claim to bring suit in this Court.  29 C.F.R. § 2560.503-1(i)(1)(I)

provides that decisions on appeal should be made within, at most, 120 days from the date of the

appeal.

Moreover, plaintiffs never received from defendants the documents plaintiffs requested that

are relevant to the denial of their claims.  ERISA regulations make clear that claimants are entitled

to such documents.  29 C.F.R. § 2560.503-1(h)(2)(iii).  Defendants merely informed plaintiffs that

the appeal would be "tolled" while defendants gathered the voluminous documents and information

plaintiffs requested.  However, the regulation does not establish any exception to the required

timelines, nor does it allow for tolling the timelines to respond to a claimant's request for documents. The regulation provides for tolling of the appeal timelines in situations in which a claimant has failed to "submit information necessary to decide a claim . . ." 29 C.F.R. § 2560.503-1(i)(4). That is not the case here.

In this action, defendants contend that they "tolled" the time for appeal due to their inability timely to gather the documents plaintiffs requested. Defendants have not cited this Court to any legal authority that allows defendants to arbitrarily toll the appeal timelines indefinitely while defendants prepare a response to the plaintiffs' reasonable and proper request for relevant documents. Defendants complain that the plaintiffs' request for documents was voluminous. However, the regulation only requires defendants to provide plaintiffs with documents relevant to the denial of the plaintiffs' claims. 29 C.F.R. § 2560.503-1(h)(2)(iii), (m)(8). Defendants could have supplied plaintiffs with the requested documents that were relevant to the denial of the claims and refused to supply plaintiffs with documents determined to be irrelevant as defined by 29 C.F.R. § 2560.503-1(m)(8).

Defendants next argue that 29 C.F.R. § 2560.503-1(h) does not contain any timelines for appeal and that the timelines provided are irrelevant to how long defendants may wait to provide a determination of a review of claims. Defendants overlook or ignore all of the appellate timelines provided in 29 C.F.R. § 2560.503-1(i) that establish the guidelines on how long an ERISA plan administrator may take to determine an appeal of claims. Defendants confuse 29 C.F.R. § 2560.503-1(i) with being 29 C.F.R. § 2560.503-1(h)(4)(i), a non-existent provision. A close reading of the regulation, combined with a review of caselaw discussing the timelines in 29 C.F.R. § 2560.503-1(i), clarifies that this subsection applies to all benefit determinations, not just disability benefit

determinations.

Other courts have upheld the timelines imposed by the ERISA regulations for review of

denied claims by plan administrators.  As the Supreme Court has noted, both ERISA and "the

relevant regulations also establish extensive requirements to ensure full and fair review of benefit

denials."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 220 (2004) (citing 29 C.F.R. § 2560.503-1

(2004)).  In *Urso v. Prudential Ins. Co. of America*, 2004 WL 3355265, ** 4-5 (D.N.H. Nov. 23,

2004), the federal district court denied the defendant administrator's motion for summary judgment

on failure to exhaust claims due to the defendant's failure to follow the appellant timelines provided

in 29 C.F.R. § 2560.503-1(i).

In *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 222-23 (2d Cir. 2006), the Second

Circuit analyzed the meaning of the "deemed exhausted" provision of 29 C.F.R. § 2560.503-1(l).

The Second Circuit noted that

> [t]he 'deemed exhausted' provision was plainly designed to give claimants faced with
> inadequate claims procedures a fast track into court–an end not compatible with
> allowing a 'do-over' to plans that failed to get it right the first time.  Indeed, in
> describing the rationale behind the 'deemed exhausted' provision, the Notice of
> Proposed Rulemaking stated that 'claimants denied access to the statutory
> administrative review process . . . should be entitled to a full and fair review of their
> claims in the forum in which they are *first* provided adequate procedural safeguards.

*Id.* (citing ERISA; Rules and Regulations for Administration and Enforcement; Claims Procedure,

63 Fed.Reg. 48390, 48397 (proposed Sept. 9, 1998) (codified at 29 C.F.R. pt. 2560)).

In *Linder v. BYK-Chemie USA Inc.*, 313 F.Supp.2d 88, 94 (D. Conn. 2004), the district court

denied the defendant's motion for summary judgment due to its failure to comply with 29 C.F.R. §

2560.503-1 timelines for claim  determinations.  The *Linder* court determined that the "deemed

exhausted" approach implemented in 2002 "explicitly gives the claimant the right to bring suit to

pursue legal remedies if the administrator fails to respond within the requisite time period." *Id.* The

*Linder* court concluded that the "deemed exhausted" "regulation is unequivocal that any failure to

adhere to a proper claims procedure is sufficient to deem administrative remedies exhausted." *Id.*

Defendants cite *Smith v. Thorn Apple Valley, Inc.*, 1997 U.S. Dist. LEXIS 14214 (W.D.

Mich. 1997), as support of their position that since the plaintiffs' appeal is still pending, plaintiffs

cannot be deemed to have exhausted their administrative remedies.  The defendants' reliance on

*Smith* is misplaced.  *Smith* is readily distinguishable from the present case.   In *Smith*, the plaintiff's

appeal was pending as of the date she filed suit in state court.  *Id.* at *2.  The plaintiff in *Smith* also

conceded that she "failed to file a claim with the plan administrator and failed to follow the appeal

procedure set forth in the plan".  *Id.* at *5.  *Smith* does not discuss 29 C.F.R. § 2560.503-1, and it

was decided prior to the 2002 revisions to the regulation.  In addition, although the plaintiffs' appeal

is still pending with defendants in the case at bar, the amended complaint [Court Doc. No. 8] does

not admit that plaintiffs failed to properly file their claims and appeals.

Taken to its extreme, the defendants' argument would allow an ERISA plan administrator

to avoid judicial review indefinitely by merely refusing to supply requested documents or refusing

to decide a claim on review.  This does not comport with the requirement of a "full and fair review"

of claim determinations under ERISA.  29 U.S.C. § 1133.  This Court concludes that 29 C.F.R. §

2560.503-1 is applicable to this action, and defendants have failed to abide by the specific review

timelines provided in 29 C.F.R. § 2560.503-1(i).

   **2.      Futility**

In the alternative, plaintiffs argue that they should not be required to exhaust their

administrative remedies because such exhaustion would be futile.  It is not necessary for the Court

to reach the issue of futility.

### B.      Breach of Fiduciary Duty

ERISA requires a plan fiduciary to act in accordance with a certain standard of care.  29

U.S.C. § 1104 provides that:

> ... a fiduciary shall discharge his duties with respect to a plan solely in the interest
> of the participants and beneficiaries and–
> (A) for the exclusive purpose of:
>       (i) providing benefits to participants and their beneficiaries; and
>       (ii) defraying reasonable expenses of administering the plan;
> (B) with the care, skill, prudence, and diligence under the circumstances then
> prevailing that a prudent man acting in a like capacity and familiar with such matters
> would use in the conduct of an enterprise of a like character and with like aims; . . .

The Sixth Circuit holds that ERISA's fiduciary duty involves three components: (1) a duty

of loyalty, requiring that all decisions regarding an ERISA plan "must be made with an eye single

to the interests of the participants and beneficiaries;" (2) a "prudent person fiduciary obligation,"

requiring that a plan fiduciary exercise his or her duties "with the care, skill, prudence, and

diligence" of a prudent person acting under similar circumstances; and (3) a duty to act for the

exclusive purpose of proving benefits to plan participants. *James v. Pirelli Armstrong Tire Corp.*,

305 F.3d 439, 448-49 (6th Cir. 2002) (quoting *Krohn v. Huron Memorial Hospital*, 173 F.3d 542,

547 (6th Cir. 1999)).  A fiduciary breaches his or her duty by providing ERISA plan participants with

materially misleading information, regardless of whether the fiduciary's statements or omissions

were made negligently or intentionally.  *James*, 305 F.3d at 449; *Krohn*, 173 F.3d at 547.

When pleading a breach of fiduciary duty based upon a material misrepresentation, a plaintiff

must demonstrate three elements: (1) the defendant was acting in a fiduciary capacity when it made

the challenged representations; (2) these constituted material misrepresentations; and (3) the plaintiff

relied on those misrepresentations to the plaintiff's detriment.  *James*, 305 F.3d at 449; *Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 122, 126 (2d Cir. 1997).  In *James* the Sixth Circuit clarified its position that

> an employer or plan administrator fails to discharge its fiduciary duty to act solely in the interest of the plan participants and beneficiaries when it provides, on its own initiative, materially false or inaccurate information to employees about the future benefits of a plan.  Under these circumstances, it is not necessary that employees ask specific questions about future benefits or that they take the affirmative step of asking questions about the plan to trigger the fiduciary duty.  The breach of fiduciary duty occurs when the employer or plan administrator on its own initiative provides misleading information about the future benefits of a plan.

305 F.3d at 455.  The fiduciary duty encompasses both a "'negative duty not to misinform, [and] also an affirmative duty to inform when the trustee knows that silence might be harmful.'" *Id.* at 452 (quoting *Krohn*, 173 F.3d at 548).  In *James*, 305 F.3d at 456, the Sixth Circuit reversed the district court's determination that no breach of fiduciary duty occurred due to its finding that the defendant provided plaintiffs with materially misleading or inaccurate information about the future benefits of the ERISA plan.

In *Drennan v. General Motors Corp.*, 977 F.2d 246 (6th Cir. 1992), the Sixth Circuit affirmed the district court's determination of a breach of fiduciary duty where the employer misled a group of laid-off employees about the possibility of obtaining a better lay-off benefit package that the employer was considering.  As the *Drennan* Court noted, "the duty to avoid material misrepresentations does not require the employer to predict an ultimate decision to offer a plan so long as it fairly discloses the progress of its consideration to make a plan available to affected employees." *Id.* at 251 (citing *Berlin v. Michigan Bell Telephone Co.*, 858 F.2d 1154, 1164 (6th Cir. 1988) (reversing district court's ruling finding a genuine issue of material fact existed regarding

whether a second offering of favorable retirement benefits was under "serious consideration" and

whether the employer made any material misrepresentations to potential plan participants regarding

the second offering).

In *In re: The Goodyear Tire & Rubber Co. ERISA Litigation*, 438 F. Supp.2d 783 (N.D. Ohio

2006), the district court denied the defendants' motion to dismiss plaintiffs' claims of breach of

fiduciary duty, finding that ERISA does not have heightened pleading standards that the plaintiffs

should not be required to "prove their case without the benefit of an evidentiary record." *Id*. at 796;

*see also In re General Motors ERISA Litigation*, 2006 WL 897444, *13 (E.D. Mich. 2006) (finding

that plaintiffs stated a claim for breach of fiduciary duty under ERISA and that whether they could

"provide proof of their allegations is an issue for another day").

Defendants argue that plaintiffs cannot circumvent the exhaustion requirement by simply

disguising their complaint as one alleging breach of fiduciary duty. *See Weiner*, 108 F.3d at 91;

*Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998). However, the facts in

the instant action are distinguishable from *Weiner*. In *Weiner*, the Court found that the plaintiff was

claiming that the defendant breached its "fiduciary duty by denying him payments to which he was

entitled to under the plan." *Weiner*, 108 F.3d at 91. In short, the basis of the plaintiff's complaint

in *Weiner* was the denial of benefits. *Id.*; *see also, Wilkins*, 150 F.3d at 611, 616 (finding plaintiff's

claim that the denial of disability benefits under employer's plan because plaintiff was not totally

disabled was a claim for denial of benefits and not a claim for breach of fiduciary duty).

In contrast, the Sixth Circuit in *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710

(6th Cir. 2005), determined that plaintiffs' claims for breach of fiduciary duty were not merely

repackaged claims for denial of benefits, but instead were claims that arose "out of asserted defects

in plan-wide claims-handling procedures." *Id.* at 718.

In the instant case, plaintiffs do not merely allege a denial of ERISA benefits. Instead, plaintiffs allege that managers of Cleveland-Cliffs, Inc. informed the plaintiffs that "the work force was going to be reduced in July of 2003, that no enhanced benefits would be provided to those selected for termination and that the cost of retirement health care benefits would increase if they waited to retire in July of 2003, or later." Amended Complaint, ¶ 22. The complaint further alleges that plaintiffs relied on this representation and retired in June 2003. *Id.* at ¶ 23. The complaint avers that employees who were terminated in July 2003 received an enhanced benefit package and that defendants had seriously considered the plan enhancements prior to July of 2003, but misrepresented to plaintiffs that there would be no plan enhancements. *Id.* at ¶¶ 25-27. These alleged misrepresentations of ERISA benefit plans under serious consideration are more akin to the breaches of fiduciary duty in *James* and *Drennan*, rather than the denials of benefits in *Weiner* and *Wilkins*. *See also, McAuley v. Int'l Business Machines Corp.*, 165 F.3d 1038, 1045 (6th Cir. 1998) (finding genuine issue of material fact existed regarding whether employer breached fiduciary duty where employer seriously considered enhanced early retirement package but did not inform plaintiffs of its consideration of enhanced benefit package prior to their retirement dates). In sum, this Court concludes that the plaintiffs' amended complaint [Court Doc. No. 8] states a viable claim for breach of ERISA fiduciary duty.

In *Hill*, 409 F.3d at 717, the Sixth Circuit declined to resolve the question of whether fiduciary duty claims brought pursuant to 29 U.S.C. § 1104 have to be administratively exhausted before filing suit in court. At least one district court in the Sixth Circuit has concluded that the administrative exhaustion doctrine will not bar claims to enforce ERISA statutory rights, such as

breach of fiduciary claims, relying on earlier Sixth Circuit precedent. *Moeckel v. Caremark RX Inc.*, 385 F.Supp.2d 668, 680-81 (6th Cir. 2005) (relying on *Richards v. General Motors Corp.*, 991 F.2d 1227, 1235 (6th Cir. 1993)).

This Court declines to decide the question whether plaintiffs must exhaust their administrative remedies on their claim for breach of fiduciary duty. Instead, this Court will exercise its discretion to retain jurisdiction in this case, but remand the plaintiffs' appeal to defendants for a final administrative decision within a specific time period. *See e.g. Dellavalle v. The Prudential Ins. Co. of America*, 2006 WL 83449 (E.D. Pa. 2006); *D'Amico v. CBS Corp.*, 297 F.3d 287, 289, 293 (3d Cir. 2002); *Allen v. Life Ins. Co. of North America*, 2006 WL 39350 47 (W.D. Ky. Jan. 4, 2006); *Urso*, 2004 WL 3355265. Although this Court recognizes that defendants thus far have failed to comply with the requirements of a "full and fair review" pursuant to 29 U.S.C. § 1132 and 29 C.F.R. § 2560.503-1, a remand to defendants will allow the parties to compile a complete administrative record for the Court's consideration upon further judicial review.

**IV.     Conclusion**

Accordingly, the defendants' motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6) [Court Doc. No. 5] will be **DENIED**. The Court will retain jurisdiction over this case, and remand this matter to defendants for further administrative review and a final decision on the plaintiffs' appeal under ERISA.

A separate order will enter.

Date: 10/13/06                                         */s/ R. Allan Edgar*
                                                       R. ALLAN EDGAR
                                                       UNITED STATES DISTRICT JUDGE