UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT ASGAARD, ALAN D.
PAANANEN, G. SCOTT PERRY,
CHARLES R. SUNDBERG, and
SCOTT P. SUNDBERG

      *Plaintiffs,*

*v.*

ADMINISTRATOR, PENSION PLAN
FOR THE EMPLOYEES OF
CLEVELAND-CLIFFS, INC., AND ITS
ASSOCIATED EMPLOYERS - PART C
(THE PENSION PLAN), HEALTHCARE
BENEFITS PROGRAM FOR SALARIED
RETIREES AND SURVIVING SPOUSES
OF CLEVELAND-CLIFFS, INC. AND
ASSOCIATED EMPLOYERS (THE
RETIREE MEDICAL PLAN), TILDEN
MINING COMPANY, L.C., CLIFFS
MICHIGAN MINING COMPANY,
CLIFFS MINING SERVICES COMPANY
INC., EMPIRE IRON MINING
PARTNERSHIP, CLIFFS EMPIRE, INC.,
THE CLEVELAND-CLIFFS IRON
COMPANY, INC., and CLEVELAND-
CLIFFS INC.,
Jointly and Severally,

      *Defendants.*
_____/

Case No. 2:06-cv-00063
HON. R. ALLAN EDGAR

## MEMORANDUM

Plaintiffs Robert Asgaard, Alan D. Paananen, G. Scott Perry, Charles R. Sundberg, and

Scott P. Sundberg (collectively "Plaintiffs") bring this action against Defendants Pension

Committee, the Plan Administrator, Pension Plan for the Employees of Cleveland-Cliffs, Inc.,

and its Associated Employers - Part C (the "Pension Plan"), Healthcare Benefits Program for Salaried Retirees and Surviving Spouses of Cleveland-Cliffs, Inc., and Associated Employers (the "Retiree Medical Plan"), Tilden Mining Company, L.C., Cliffs Michigan Mining Company, Cliffs Mining Services Company, Inc., Empire Iron Mining Partnership, Cliffs Empire, Inc., the Cleveland-Cliffs Iron Company, Inc., and Cleveland-Cliffs Inc., Jointly and Severally, (collectively "Defendants") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendants moved to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. [Court Doc. No. 5]. Defendants argued that Plaintiffs failed to exhaust their administrative remedies under ERISA. Plaintiffs opposed the motion to dismiss. [Court Doc. No. 7]. Rather than dismissing Plaintiffs' claims for failure to exhaust, this Court ordered the Defendants to supply Plaintiffs with the materials they requested and to make an administrative decision regarding Plaintiffs' claims. This Court retained jurisdiction, stayed the case, and ordered the parties to file a notice of the administrative decision. [Court Doc. No. 28].

On April 2, 2007 the Defendants filed a notice of the decision on administrative appeal with this Court. [Court Doc. No. 29]. The administrative decision reviewed the initial denial of Plaintiffs' claim on December 16, 2004 and denied Plaintiffs' appeal. [Court Doc. No. 29-2].

On May 25, 2007 following a status conference with the parties, this Court lifted the stay and ordered the parties to provide briefing regarding whether the Court needed to review the administrator's interpretation of the ERISA plan or any other issues. [Court Doc. No. 33]. The parties have now provided the Court with briefing regarding the issues remaining to be resolved in this matter. [Court Doc. Nos. 34, 35].

In their briefing filed with this Court on June 25, 2007, Plaintiffs request additional discovery. They assert that because the claims in their amended complaint include claims for breach of fiduciary duty and misrepresentation, they are entitled to additional discovery and are not limited to this Court's review of the administrative record. Plaintiffs assert that their claims do not require this Court's interpretation of any ERISA plan documents.

Defendants assert that under ERISA, Plaintiffs are not entitled to any additional discovery, but instead, are limited to this Court's review of the administrative record. They assert that Plaintiffs' amended complaint does not assert claims for equitable relief for breach of fiduciary duty and that the relevant federal cases interpreting ERISA do not provide for discovery beyond the administrative record in the circumstances present in this action.

## I.   Background Facts

To determine whether the Plaintiffs are entitled to discovery in this matter, this Court must review the claims in their amended complaint. [Court Doc. No. 8]. However, the amended complaint does not specify the provisions of ERISA under which Plaintiffs seek relief. The first paragraph of the amended complaint states that Plaintiffs are bringing suit pursuant to ERISA "to compel Defendants' compliance with the Act and to secure benefits due them under the terms of the Pension Plan and the Retiree Medical Plan." *Id.* Plaintiffs allege that the Defendants induced them to retire in June of 2003 by informing them that the workforce would be reduced in July of 2003 and "that no enhanced benefits would be provided to those selected for termination and that the cost of retirement health care benefits would increase if they waited to retire in July of 2003, or later." *Id.* at ¶ 22. Plaintiffs retired, and Defendants terminated many employees in July of 2003. However, instead of offering no enhanced benefits upon termination, Plaintiffs contend

that Defendants provided a severance package for employees terminated in July of 2003, as well as health and medical benefits at the same cost provided to those employees who selected to retire at the end of June 2003. Plaintiffs allege that the Defendants "seriously considered" the plan enhancements prior to July of 2003, but failed to inform the Plaintiffs that such benefits were under consideration. Plaintiffs contend that "the failure of Defendants to inform Plaintiffs of these plan enhancements or that these plan enhancements were being seriously considered prior to July of 2003, is a violation of their fiduciary duty to Plaintiffs." *Id.* at ¶ 28. Plaintiffs assert that Defendants have violated 29 U.S.C. § 1104 pertaining to fiduciary duty.

The amended complaint asserts that Plaintiffs filed a claim for payment of benefits in September of 2004, which Defendants denied in December of 2004. Plaintiffs have now completed the appeal process with Defendants who denied their appeal and filed the ruling on appeal with this Court in April of 2007. [Court Doc. No. 29-2].

The amended complaint asks this Court to "[e]nter judgment against each Defendant in an amount in excess of $75,000.00, as he shall be found to be entitled and order the Defendants to calculate and pay to the Plaintiffs the full amount of benefits due them under both the Pension Plan and Medical Plan, together with interest". [Court Doc. No. 8, ¶ A]. Plaintiffs further seek attorneys fees and "such further relief as may be deemed just and proper." *Id.*, ¶ C.

## II.    Analysis

Plaintiffs seek extensive discovery in this matter, including interrogatories, requests for production, and deposition testimony, and they assert that their claims are for breach of fiduciary duty. They assert that because they are not asking this Court to interpret the terms of the ERISA plan and instead are claiming statutory violations, they are entitled to discovery. It is true that in

some circumstances, ERISA plaintiffs are entitled to discovery on issues such as breach of

fiduciary duty and denial of due process. *See e.g.*, *Burklow v. Local 215 Int'l Brotherhood of*

*Teamsters*, 2006 WL 3354480, No. 4:02CV-32-M (W.D. Ky. Nov. 16, 2006) (allowing limited

discovery regarding plaintiff's procedural challenges to defendants' decision to deny full pension

benefits); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) (noting that

district court may consider new evidence beyond administrative record in ERISA case to resolve

procedural challenge or alleged bias on part of administrator); *Kulkarni v. Metropolitan Life Ins.*

*Co.*, 187 F.Supp.2d 724, 728 (W.D. Ky. 2001) (allowing additional discovery in ERISA action

for breach of fiduciary duty); *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286, 293 n.2 (6th Cir.

2005) (noting claims of conflict of interest and bias in ERISA action may be explored through

discovery).

However, Plaintiffs' claims for relief and their failure to specify the ERISA provisions

under which they seek relief complicate their quest for discovery. ERISA's Section 502 provides

for plan participants and beneficiaries to bring civil enforcement actions. 29 U.S.C. § 1132. The

statute allows participants and beneficiaries to seek several different kinds of relief. It provides

in relevant part:

> A civil action may be brought–
> (1) by a participant or beneficiary–
>      (A) for the relief provided for in subsection (c) of this section, or
>      (B) to recover benefits due to him under the terms of his plan, to enforce
> his rights under the terms of the plan, or to clarify his rights to future
> benefits under the terms of the plan;
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate
> relief under section 1109 of this title;
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice
> which violates any provision of this subchapter or the terms of the plan, or (B) to
> obtain other appropriate equitable relief (i) to redress such violations or (ii) to

enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)-(3).

Plaintiffs assert that their claim is one for breach of fiduciary duty, but their amended

complaint reads primarily as a request for monetary compensation.  It is this fact that complicates

their claim.  Plaintiffs may bring a claim for monetary compensation for a denial of benefits

pursuant 29 U.S.C. § 1132(a)(1)(B).  In their briefing in opposition to Defendants' earlier motion

to dismiss for failure to exhaust their claims, Plaintiffs went to great lengths to emphasize that

their claim was not merely one for a denial of benefits, but was rather a claim for breach of

fiduciary duty.  Plaintiffs have also informed this Court that they do not believe their claims

require the interpretation of any plan documents.

The law is clear that a district court is confined to review of the record provided to the

administrator if the Plaintiffs' claim is one for denial of benefits pursuant to 29 U.S.C. §

1132(a)(1)(B).  In *Perry v. Simplicity Engineering* the Sixth Circuit noted that:

> A primary goal of ERISA was to provide a method for workers and beneficiaries
> to resolve disputes over benefits inexpensively and expeditiously. . . .Permitting
> or requiring district courts to consider evidence from both parties that was not
> presented to the plan administrator would seriously impair the achievement of that
> goal.  If district courts heard evidence not presented to plan administrators,
> employees and their beneficiaries would receive less protection than Congress
> intended. . . .
> The *de novo* standard of review, like the pre-*Bruch* arbitrary and capricious
> standard, does not mandate or permit the consideration of evidence not presented
> to the administrator.

900 F.2d 963, 967 (6th Cir. 1990) (citations omitted); *see also*, *Wilkins v. Baptist Healthcare Sys.,*

*Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (noting that even when district court reviews an

administrative decision *de novo*, the district court is "confined to the record that was before the

Plan Administrator").  Thus, if Plaintiffs are seeking monetary compensation for a denial of

benefits under 29 U.S.C. § 1132(a)(1)(B), they are not entitled to additional discovery in this

Court.

29 U.S.C. § 1132(a)(2) allows a participant or beneficiary to bring a civil action for a

breach of fiduciary duty under 29 U.S.C. § 1109; however, claims pursuant to Section 1109 do

not apply to individuals, but apply only to the entire ERISA plan.  *See Tregoning v. American*

*Comm. Mut. Ins. Co.*, 12 F.3d 79, 83 (6th Cir. 1993).  In holding that Section 1109 provides relief

for a breach of fiduciary duty to a plan as a whole, the U.S. Supreme Court noted that "[a] fair

contextual reading of the statute makes it abundantly clear that its draftsmen were primarily

concerned with the possible misuse of plan assets, and with remedies that would protect the

entire plan, rather than with the rights of an individual beneficiary."  *Massachusetts Mut. Life Ins.*

*Co. v. Russell*, 473 U.S. 134, 142, 105 S.Ct. 3085, 3090 (1985); *see also, Richards v. General*

*Motors Corp.*, 991 F.2d 1227, 1231 (6th Cir. 1993).  Thus, Plaintiffs cannot state individual

claims for breach of fiduciary duty under Section 1109.  Plaintiffs' amended complaint seeks

only relief for the Plaintiffs individually, not a remedy for the ERISA plan as a whole.  Therefore,

they have failed to state a claim for relief under 29 U.S.C. § 1132(a)(2).

However, Plaintiffs may state individual claims for breaches of fiduciary duty under 29

U.S.C. § 1132(a)(3).  The U.S. Supreme Court made clear in *Varity Corporation v. Howe* that

individual beneficiaries can state a cause of action for breach of fiduciary duty under 29 U.S.C. §

1132(a)(3) as individuals and not on behalf of the plan.  516 U.S. 489, 512, 116 S.Ct. 1065,

1077-78 (1996).  The Court noted that the language of Section 1132(a)(3) was "broad enough to

cover individual relief for breach of a fiduciary obligation."  *Id.*  The Supreme Court opined in

*Varity Corp.* that

> ERISA specifically provides a remedy for breaches of fiduciary duty with respect
> to the interpretation of plan documents and the payment of claims, one that is
> outside the framework of the *second* subsection and cross-referenced § 409, and
> one that runs directly to the injured beneficiary.  § 502(a)(1)(B). Why should we
> not conclude that Congress provided yet other remedies for yet other breaches of
> other sorts of fiduciary obligation in another "catchall" remedial section?
> Such a reading is consistent with § 502's overall structure. . . . This structure
> suggests that these "catchall" provisions act as a safety net, offering appropriate
> equitable relief for injuries caused by violations that § 502 does not elsewhere
> adequately remedy.

516 U.S. at 512, 116 S.Ct. at 1077-78.  In *Varity Corp.* the Supreme Court also found it

important that the plaintiffs had no other remedy under any of the other provisions of Section

502.  *Id.* at 515, 116 S.Ct. at 1079.  The Supreme Court noted, "where Congress elsewhere

provided adequate relief for a beneficiary's injury, there will likely be no need for further

equitable relief, in which case such relief would normally not be appropriate."  *Id.  See also*,

*Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 839 (6th Cir. 2007).

The Supreme Court has also made clear that Section 502(a)(3) provides solely for

*equitable* relief, not for monetary relief dressed in equitable clothing.  As the Supreme Court

noted in *Great-West Life & Annuity Ins. Co. v. Knudson*, "'money damages are, of course, the

classic form of *legal* relief.'" 534 U.S. 204, 210, 122 S.Ct. 708, 713 (2002) (quoting *Mertens v.*

*Hewitt Associates*, 508 U.S. 248, 255, 113 S.Ct. 2063 (1993)).  In *Great West Life* the Supreme

Court addressed whether ERISA authorized an action to enforce a reimbursement provision of a

plan as an equitable remedy under Section 502(a)(3).  534 U.S. at 206, 122 S.Ct. 709.  The

petitioner insurance company in that case sought enforcement of a reimbursement provision and

injunctive relief requiring the respondent insured beneficiaries to pay the plan $411,157.11 of

-8-

proceeds received from third parties.  *Id.* at 208.

The Supreme Court noted that the petitioners essentially sought to "impose personal liability on respondents for a contractual obligation to pay money-relief that was not typically available in equity."  *Id.* at 210, 122 S.Ct. 708.  The court addressed other possible equitable remedies, including restitution.  The Court explained that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."  *Id.* at 214.  The Supreme Court clarified its holding in *Varity Corp.* by noting that:

> [i]n *Varity Corp.*, however, it was undisputed that respondents were seeking equitable relief, and the question was whether such relief was "appropriate" in light of the apparent lack of alternative remedies.  *Varity Corp.* did not hold, as petitioners urge us to conclude today, that § 502(a)(3) is a catchall provision that authorizes *all* relief that is consistent with ERISA's purposes and is not explicitly provided elsewhere.  To accept petitioners' argument is to ignore the plain language of the statute, which provides fiduciaries with only equitable relief.

534 U.S. 204, 221 n.5, 122 S.Ct. 708.  The Supreme Court held that the petitioner's claim did not amount to a claim in equity but was a claim for legal relief.  Thus, the Supreme Court held, Section 502(a)(3) did not authorize the petitioner's action.  *Id.* at 221, 122 S.Ct. 708.

Since the Supreme Court's ruling in *Great-West Life*, other federal courts have determined that claims such as the claims Plaintiffs bring here do not fall under Section 502(a)(3) because they do not state claims for equitable relief.  For example, in *Kishter v. Principal Life Ins. Co.*, the plaintiff beneficiary claimed a breach of fiduciary duty based on the employer defendant's failure to provide the insured employee with accurate information regarding the extent of her life insurance benefits.  186 F.Supp.2d 438, 439 (S.D.N.Y. 2002).  Like Plaintiffs in this case, the plaintiff in *Kishter* did not specify the subsection of Section 502 under which he

was suing for breach of fiduciary duty.  *Id.* at 441.  The district court granted the defendant's

motion for summary judgment because the plaintiff could not recover the relief sought–a

payment of $270,000–from the defendant for breach of fiduciary duty under Section 502(a)(3)

because such a suit was for money damages and not equitable relief.  *Id.* at 445.  In *Kishter* the

plaintiff requested "such other . . . equitable relief as the Court deems appropriate."  *Id.* at 446.

In responding to plaintiff's suggestion that he sought equitable relief, the district court noted:

> . . . neither plaintiff nor the court's own ingenuity suggest a form of alternative
> equitable relief that would be appropriate.  Plaintiff has not alleged a pattern of
> untoward behavior on [the defendant's] part, so there is no occasion for a forward-
> looking injunction.  To the contrary, there is no evidence in the record that [the
> defendant] has mistreated any other employee or that any misrepresentations were
> made in bad faith.  Instead, what plaintiff seeks is an individualized recovery of at
> least some part of the money that he lost because LAI did not provide Alice
> Russell with complete and accurate information about her life insurance policy.
> However, there is no equitable remedy available under ERISA § 502(a)(3) that
> can make plaintiff whole under these circumstances.

*Id.* at 446.  *See also*, *Strohmeyer v. Metropolitan Life Ins. Co.*, 2005 WL 3963770 No.

3:04cv1808 *3 (D. Conn. Nov. 15, 2005) (finding plaintiff's general request for equitable relief

in complaint for breach of fiduciary duty did not give rise to viable claim for equitable restitution

under Section 502(a)(3) and granting defendant's motion to dismiss complaint while allowing

plaintiff to amend complaint to state cause of action for equitable relief under Section 502(a)(3));

*De Pace v. Matsushita Elec. Corp. of America*, 257 F.Supp.2d 543, 565-566 (E.D.N.Y. 2003)

(plaintiffs could not seek compensatory damages for claim that employer fraudulently induced

them to take early retirement under Section 502(a)(3) but could potentially state claim for

equitable relief of reformation).

Plaintiffs do not appear to seek equitable relief in this action; however, it is possible that

-10-

Plaintiffs' claims for breach of fiduciary duty may also fall under Section 502(a)(1)(B).  The Supreme Court has determined that plaintiffs may bring individual claims for breaches of fiduciary duty relating to the interpretation of plan documents and claim payments pursuant to Section 1132(a)(1)(B).  *Varity Corporation v. Howe*, 516 U.S. 489, 510, 116 S.Ct. 1065, 1076 (1996).  In *Gore v. El Paso Energy Corp. Long Term Disability Plan*, the Sixth Circuit recently explored the differences between claims for breaches of fiduciary duty under § 1132(a)(1)(B) and § 1132(a)(3).  477 F.3d 833 (6th Cir. 2007).

In *Gore* the plaintiff claimed that his new employer informed him that his benefits would stay the same as they were under employment with his former employer.  *Id.* at 834.  The plaintiff claimed the new employer never provided him with a summary plan description or informed him of changes to his long-term disability ("LTD") plan.  *Id.*  at 834-35.  In fact, the new plan provided for fewer benefits than the ones plaintiff enjoyed under the old LTD plan.  After plaintiff suffered an injury, he filed a claim for LTD benefits with the plan manager.  The plan provided him only with the reduced benefits available under the new plan.  After exhausting his administrative remedies pursuant to ERISA, plaintiff filed suit in district court alleging wrongful denial of LTD benefits under 29 U.S.C. § 1132(a)(1)(B).  *Id.* at 835-36.  The plaintiff also sought appropriate equitable relief for an alleged breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) for his employer's misrepresentation of the extent of its new benefits.  *Id.* at 836.  The plaintiff requested both lost benefits and an injunction.  *Id.*

The Sixth Circuit reviewed the *Varity Corp.* decision, noting that "[t]he Supreme Court determined that while there is a remedy for a breach of fiduciary duty related to the interpretation of plan documents and payment of claims under ERISA § 502(a)(1)(B), 29 U.S.C. §

-11-

1132(a)(1)(B), the remedy for 'other breaches of other sorts of fiduciary obligation' may be sought under § 1132(a)(3)." *Id.* at 839. The Sixth Circuit reiterated its holding in *Hill v. Blue Cross and Blue Shield of Mich.*, that "under some circumstances an ERISA plaintiff may simultaneously bring claims under both § 1132(a)(1)(B) and § 1132(a)(3). *Id.* (citing 409 F.3d 710, 718 (6th Cir. 2005)).

In *Gore* the Sixth Circuit determined that:

> [i]n each case where this circuit has found that a plaintiff's § 1132(a)(3) claim of breach of fiduciary duty is merely a repackaged § 1132(a)(1)(B) claim, the claims could have been brought under § 1132(a)(1)(B). Here, [plaintiff's] claim of breach of fiduciary duty could not have been characterized as a denial of benefits claim, thus the district court's dismissal of Plaintiff's § 1132(a)(3) claim was in error.

477 F.3d at 842. The Court found it significant that the plan administrator who denied the plaintiff's LTD benefits was not the same entity as the employer who made the alleged misrepresentation to the plaintiff. Thus, the Court noted, the plaintiff could not have brought his misrepresentation claim pursuant to § 1132(a)(1)(B) because the employer that made the misrepresentation did not actually deny the plaintiff benefits as required by § 1132(a)(1)(B). The Sixth Circuit also noted that determining whether a plaintiff's breach of fiduciary duty claim pursuant to § 1132(a)(3) is more appropriately construed as a misrepresentation or equitable estoppel claim under § 1132(a)(1)(B) is somewhat of a "morass." *Id.* at 841-42.

In this action, Plaintiffs may bring a claim for monetary compensation for a denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). However, Plaintiffs insist that their claim is not a mere claim for denial of benefits, but is rather predominantly a claim for breach of fiduciary duty. Plaintiffs may state a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(1)(B) if

the alleged breach relates to plan interpretation and the denial of claims.  Plaintiffs may be entitled to limited discovery based on such a claim.  However, Plaintiffs have informed this Court that their claims do not involve any interpretation of the ERISA plan documents, and indeed, the Court has not been provided with copies of such documents.  Therefore, it is unclear whether Plaintiffs seek to state a claim for breach of fiduciary duty pursuant to Section 1132(a)(1)(B) or Section 1132(a)(3).

It is further unclear, based on Plaintiffs' own assertion that their claim is one of breach of fiduciary duty that does not appear to fit within the rubric of § 1132(a)(1)(B), what remedies Plaintiffs seek.  This Court remains mindful of the Supreme Court's admonitions regarding equitable relief in *Great-West Life*.  Plaintiffs appear to face a quandary at this juncture.  If they seek monetary relief, they must proceed under 29 U.S.C. § 1132(a)(1)(B), but they have indicated their claims do not relate to recovery of benefits due them under the terms of the ERISA plans and do not require ERISA plan interpretation.  If they seek individual relief for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), they may only seek equitable relief, and it is not clear to this Court what equitable remedy is available to make Plaintiffs whole.

Therefore, before this Court will allow the Plaintiffs to proceed with wide-ranging discovery on their breach of fiduciary duty claim, it will require Plaintiffs to amend their complaint to specify the ERISA Section 502 provisions under which they seek relief, and if their claim is one for breach of fiduciary duty under § 1132(a)(3), the equitable remedy they seek. Plaintiffs must be mindful as well of Sixth Circuit precedent cautioning them that "[t]he cause of action provided by § 1132(a)(3) is only available to beneficiaries who have no remedy under the other sections of § 1132." *Belluardo v. Cox Enterprises, Inc.*, 157 F.App'x 823 *5 (6th Cir. 2005)

(citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998)).  If Plaintiffs

are bringing a claim for breach of fiduciary duty or misrepresentation under § 1132(a)(1)(B), then

they should so specify and describe how their claims involve a denial of benefits and plan

interpretation.

       In *Gore* the Sixth Circuit further reviewed the importance of establishing the particular

role of each defendant in any alleged misrepresentation or denial of benefits.  *See* 477 F.3d at

842.  Depending on a particular defendant's role in the misrepresentation, certain remedies may

not be available under § 1132.  *See Gore*, 477 F.3d at 842 (noting that plaintiff could not sue

employer under § 1132(a)(1)(B) for misrepresentation because employer did not deny benefits,

thus § 1132(a)(3) was only available remedy against employer for misrepresentation).  In this

action the Plaintiffs have brought identical claims against numerous Defendants.  However, the

Plaintiffs assert only that management level employees of their former employer, Cleveland

Cliffs, made misrepresentations to them at a meeting in June of 2003.  Any second amended

complaint filed by Plaintiffs should detail the specific illegal actions and claims brought against

each Defendant or should articulate why all the Defendants' actions can be grouped together.

       In order to continue to seek additional discovery beyond the administrative record,

Plaintiffs must amend their amended complaint by August 17, 2007 keeping in mind the need to

match their specific claims of ERISA violations with available appropriate remedies under

Section 502.  This Court will also retain discretion to create a discovery management plan and

will carefully review and manage any proposed discovery to ensure relevance to breach of

fiduciary claims that are adequately pled and that seek appropriate remedies.

A separate order will enter.


_____ */s/ R. Allan Edgar* _____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

_____