UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT ASGAARD, ALAN D.
PAANANEN, G. SCOTT PERRY,
CHARLES R. SUNDBERG, and
SCOTT P. SUNDBERG

    *Plaintiffs,*

v.                                                                                      Case No. 2:06-cv-00063
                                                                                             HON. R. ALLAN EDGAR

ADMINISTRATOR, PENSION PLAN
FOR THE EMPLOYEES OF
CLEVELAND-CLIFFS, INC., AND ITS
ASSOCIATED EMPLOYERS - PART C
(THE PENSION PLAN), HEALTHCARE
BENEFITS PROGRAM FOR SALARIED
RETIREES AND SURVIVING SPOUSES
OF CLEVELAND-CLIFFS, INC. AND
ASSOCIATED EMPLOYERS (THE
RETIREE MEDICAL PLAN), TILDEN
MINING COMPANY, L.C., CLIFFS
MICHIGAN MINING COMPANY,
CLIFFS MINING SERVICES COMPANY
INC., EMPIRE IRON MINING
PARTNERSHIP, CLIFFS EMPIRE, INC.,
THE CLEVELAND-CLIFFS IRON
COMPANY, INC., and CLEVELAND-
CLIFFS INC.,
Jointly and Severally,

    *Defendants.*
_____/

**MEMORANDUM**

    Plaintiffs Robert Asgaard, Alan D. Paananen, G. Scott Perry, Charles R. Sundberg, and

Scott P. Sundberg (collectively "Plaintiffs") bring this action against Defendants Pension

Committee, the Plan Administrator, Pension Plan for the Employees of Cleveland-Cliffs, Inc.,

and its Associated Employers - Part C (the "Pension Plan"), Healthcare Benefits Program for Salaried Retirees and Surviving Spouses of Cleveland-Cliffs, Inc., and Associated Employers (the "Retiree Medical Plan"), Tilden Mining Company, L.C., Cliffs Michigan Mining Company, Cliffs Mining Services Company, Inc., Empire Iron Mining Partnership, Cliffs Empire, Inc., the Cleveland-Cliffs Iron Company, Inc., and Cleveland-Cliffs Inc., Jointly and Severally, (collectively "Defendants") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendants moved to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. [Court Doc. No. 5]. Defendants argued that Plaintiffs failed to exhaust their administrative remedies under ERISA. Plaintiffs opposed the motion to dismiss. [Court Doc. No. 7]. Rather than dismissing Plaintiffs' claims for failure to exhaust, this court ordered the Defendants to supply Plaintiffs with the materials they requested and to make an administrative decision regarding Plaintiffs' claims. This court retained jurisdiction, stayed the case, and ordered the parties to file a notice of the administrative decision. [Court Doc. No. 28].

On April 2, 2007 the Defendants filed a notice of the decision on administrative appeal with this court. [Court Doc. No. 29]. The administrative decision reviewed the initial denial of Plaintiffs' claim on December 16, 2004 and denied Plaintiffs' appeal. [Court Doc. No. 29-2].

On May 25, 2007 following a status conference with the parties, this court lifted the stay and ordered the parties to provide briefing regarding whether the court needed to review the administrator's interpretation of the ERISA plan or any other issues. [Court Doc. No. 33]. Following the parties' submission of briefing, this court ordered the Plaintiffs to file an amended complaint clarifying their claims under ERISA. Plaintiffs have now done so. [Court Doc. No.

39].  Plaintiffs allege a claim pursuant to 29 U.S.C. § 1132(a)(3) for equitable relief relating to an alleged breach of fiduciary duty by Defendants, as well a claim under 29 U.S.C. § 1132(a)(1)(B) for denial of benefits.

Defendants' motion to dismiss Plaintiffs' Second Amended Complaint in part is now before the court.  [Court Doc. No. 41].  Defendants seek to dismiss the Plaintiffs' claims for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) as being duplicative of their claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B).

I.      **Background Facts**

This court has previously described the basic facts outlined in the various complaints filed by the Plaintiffs on two separate occasions.  [Court Doc. Nos. 38, 27].   Plaintiffs allege that the Defendant employers and agent employees of the Defendants induced them to retire in June of 2003 by informing them that the workforce would be reduced in July of 2003 and "that no enhanced pension plan benefits would be offered as part of this reduction in workforce" and that "the cost of retiree medical benefits would increase if they retired after June 30, 2003."  [Court Doc. No. 39, Second Amended Complaint, ¶¶ 22-23].  Plaintiffs retired, and Defendants terminated many employees in July of 2003.  However, instead of offering no enhanced benefits upon termination, Plaintiffs contend that Defendants provided a severance package for employees terminated in July of 2003, as well as health and medical benefits at the same cost provided to those employees, including plaintiffs, who elected to retire at the end of June 2003.  The second amended complaint asserts that Plaintiffs' employers "provided enhanced pension benefits of up to 111% of annual salary to the cash balance pension account of each employee selected for termination pursuant to the reduction in workforce.  The benefit was call Special

Cash Balance Account Credit and was vested under the Pension Plan even if the rest of an employee's benefits were not vested." Second Amended Complaint, ¶ 40. Plaintiffs allege that the Defendants "seriously considered" the plan enhancements prior to July of 2003, but failed to inform the Plaintiffs that such benefits were under consideration. Second Amended Complaint, ¶ 29. Plaintiffs contend that "Plaintiffs [sic] employers and employees of Cleveland Cliffs, Inc. acting as agents of Plaintiffs [sic] employers breached their fiduciary duty to them by providing them with inaccurate and incomplete information and by not informing them that it was seriously considering enhancements to its pension plan." *Id.* at ¶ 42. Plaintiffs assert that Defendants have violated 29 U.S.C. § 1104 pertaining to fiduciary duty. The Second Amended Complaint still does not specify clearly which Defendants participated in the alleged breaches of fiduciary duty or how each specific individual Defendant violated ERISA.

The Second Amended Complaint asks this Court for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of: rescission of their agreement to retire; reinstatement of their employment; reinstatement of their pension plan; and reformation of the pension plan to provide enhanced benefits. Second Amended Complaint, ¶ 45. Plaintiffs also seek money damages pursuant to 29 U.S.C. § 1132(a)(1)(B) for Defendants' failure to provide them with enhanced benefits. *Id.* at ¶¶ 46-57.

**II.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88

(6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)). The Supreme Court has recently explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

**III. Analysis**

As Defendants note, Plaintiffs now allege claims for both equitable relief and monetary relief pursuant to ERISA based on the same alleged facts. Defendants seek dismissal of Plaintiffs' claims for equitable relief claiming that Plaintiffs' claim for denial of benefits will adequately redress their alleged injuries and that additional equitable relief would be inappropriate under *Varity Corp. v. Howe*. 516 U.S. 489, 116 S.Ct. 1065 (1996).

ERISA's Section 502 provides for plan participants and beneficiaries to bring civil enforcement actions. 29 U.S.C. § 1132. The statute allows participants and beneficiaries to seek several different kinds of relief. It provides in relevant part:

> A civil action may be brought–
> (1) by a participant or beneficiary–
>     (A) for the relief provided for in subsection (c) of this section, or
>     (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate

>relief under section 1109 of this title;
>(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)-(3).

Plaintiffs assert that their claim is both one for breach of fiduciary duty *and* for a denial of benefits. Plaintiffs may bring a claim for monetary compensation for a denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). In *Firestone Tire and Rubber Co. v. Bruch*, the Supreme Court addressed the question of the standard of judicial review of a benefit plan administrator's interpretation of the benefit plan. 489 U.S. 101, 109 S.Ct. 948 (1989). In determining the standard of review for a claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B), the Supreme Court noted:

>As this case aptly demonstrates, the validity of a claim to benefits under an ERISA plan *is likely to turn on the interpretation of terms in the plan at issue*. Consistent with established principles of trust law, we hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

489 U.S. at 115, 109 S.Ct. at 956-57 (emphasis added). Standard principles of contract law govern the interpretation of ERISA plan provisions. *See Williams v. International Paper Co.*, 227 F.3d 706, 711 (6th Cir. 2000).

However, in this action Plaintiffs' claims do not turn on a review of a plan administrator's interpretation of the terms of a benefit plan. Plaintiffs have informed this Court that they do not believe their claims require the interpretation of any plan documents. Nor do any of the plan documents appear in the administrative record. The main contentions of fact appear

to be whether Defendants or some agents of various Defendants seriously considered the severance benefit enhancements prior to when the Plaintiffs accepted voluntary retirement and whether the Defendants misled the Plaintiffs into thinking that no such benefits would be offered to those involuntarily terminated. Thus, the facts of this case revolve around what Defendants' agents told Plaintiffs and whether they misrepresented their consideration of enhanced severance benefits. These facts echo the facts of breach of fiduciary cases more than cases revolving around a denial of benefits based on the interpretation of a benefit plan. *See e.g.*, *Varity Corp.*, 516 U.S. 489 (breach of fiduciary duty claim based on defendant's misrepresentations); *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439 (6th Cir. 2002) (alleging breach of fiduciary duty in provision of materially misleading information regarding benefit plan); *Drennan v. General Motors Corp.*, 977 F.2d 246 (6th Cir. 1993) (examining duty to avoid material misrepresentations by disclosing to plan participants progress of serious considerations to make a plan available to affected employees).

In *Varity Corp.* the Supreme Court clarified that plaintiffs may state individual claims for breaches of fiduciary duty under 29 U.S.C. § 1132(a)(3). 516 U.S. 489, 512, 116 S.Ct. 1065, 1077-78 (1996). The Court noted that the language of Section 1132(a)(3) was "broad enough to cover individual relief for breach of a fiduciary obligation." *Id.* The Supreme Court opined in *Varity Corp.* that:

> ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims, one that is outside the framework of the *second* subsection and cross-referenced § 409, and one that runs directly to the injured beneficiary. § 502(a)(1)(B). Why should we not conclude that Congress provided yet other remedies for yet other breaches of other sorts of fiduciary obligation in another "catchall" remedial section? Such a reading is consistent with § 502's overall structure. . . . This structure

> suggests that these "catchall" provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy.

516 U.S. at 512, 116 S.Ct. at 1077-78.  In *Varity Corp.* the Supreme Court also found it important that the plaintiffs had no other remedy under any of the other provisions of Section 502. *Id.* at 515, 116 S.Ct. at 1079.  The Supreme Court noted, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would normally not be appropriate."  *Id.  See also*, *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 839 (6th Cir. 2007).  Therefore, if Plaintiffs can obtain monetary relief pursuant to 29 U.S.C. § 1132(a)(1)(B) for an alleged denial of benefits, then their claim for equitable relief for the same injury is inappropriate under the terms of the statute.  *Varity Corp.*, 516 U.S. at 515.  The Plaintiffs' Second Amended Complaint still attempts to seek relief pursuant to *both* 29 U.S.C. § 1132(a)(1)(B) *and* 29 U.S.C. § 1132(a)(3).  As the Defendants point out, this request for dual relief under these two subsections based on the same injury is inappropriate.

The question remains whether Plaintiffs' claims may properly be described as claims for denial of benefits under 29 U.S.C. § 1132(a)(1)(B), thus making their claim for equitable relief inappropriate.  Defendants attempt to characterize Plaintiffs' claim as a simple one for denial of benefits under 29 U.S.C. § 1132(a)(1)(B).  Defendants' interpretation, however, ignores the plain language of the statute, as well as the administrative record provided to this court by the Defendants.  As stated *supra*, 29 U.S.C. § 1132(a)(1)(B) provides for monetary damages to a participant for a denial of benefits due to him "under the terms of his plan."  The administrative record does not reveal the terms of any benefit plan for this court to interpret.  Indeed, the

administrative record consists mainly of the Defendants' bolstering of their version of the facts that the Defendants and/or their agents did not make any misrepresentations to the Plaintiffs. Nor do Plaintiffs appear to allege that they were entitled to enhanced benefits under the *terms of the benefit plan*. The parties appear to agree that Plaintiffs were no longer eligible for enhanced benefits under the plan because they voluntarily resigned their employment and were no longer covered under the terms of the plan. Thus, the Plaintiffs face a situation analogous to the one faced by the plaintiffs in *Varity Corp.* who had no recourse under ERISA other than 29 U.S.C. § 1132(a)(3) against their former employer because they had voluntarily switched employment and were covered under another benefit plan. The Plaintiffs' primary contention and the facts they allege relate to whether Defendants breached their fiduciary duty to Plaintiffs by seriously considering plan enhancements for employees who would be laid off prior to informing Plaintiffs that no such benefits would be offered. The Defendants do not appear to dispute that this is Plaintiffs' core factual contention. Indeed, the administrative record relates solely to the background of the decision to provide enhanced benefits and to the July 2003 reduction-in-force and not to any terms of any plans themselves.

      Therefore, this Court finds that, in contrast to Defendants' contention, Plaintiffs' potential claim under ERISA is one for a breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3) and not a claim for denial of benefits under the terms of a plan pursuant to 29 U.S.C. § 1132(a)(1)(B). The court concludes that, like the plaintiffs in *Varity Corp.*, Plaintiffs here have no recourse under the terms of any benefit plan. Defendants do not point out how a plan administrator's interpretation of the terms of a benefit plan relates to Plaintiffs' claims. It is clear that they are not entitled to benefits under the terms of any benefit plan because they voluntarily retired before

they could have been eligible for enhanced benefits. Therefore, their claim for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) is not inappropriate. This Court will DENY Defendants' motion to dismiss Plaintiffs' claims for equitable relief pursuant to 29 U.S.C. § 1132(a)(3).

However, because this court finds that Plaintiffs do not have a claim for a denial of benefits relating to the interpretation of a benefit plan, this court intends to DISMISS sua sponte Plaintiffs' request for monetary relief pursuant to 29 U.S.C. § 1132(a)(1)(B). Prior to this court's dismissal of Plaintiffs' claims pursuant to 29 U.S.C. § 1132(a)(1)(B), this court will provide Plaintiffs one last opportunity to present evidence and briefing regarding why this claim should not be dismissed. *See e.g. Hay v. Evins*, No. 97-5286, 173 F.3d 428, 1999 WL 96755 (6th Cir. Feb. 2, 1999) (noting that district court has the power to dismiss a case on the merits sua sponte, but that it must allow the plaintiff to respond to court's rationale for dismissal); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2007 update).

Finally, as this court has already emphasized, the Supreme Court has also made clear that Section 502(a)(3) provides solely for *equitable* relief, not for monetary relief dressed in equitable clothing. As the Court noted in *Great-West Life & Annuity Ins. Co. v. Knudson*, "'money damages are, of course, the classic form of *legal* relief.'" 534 U.S. 204, 210, 122 S.Ct. 708, 713 (2002) (quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 255, 113 S.Ct. 2063 (1993)). The Second Amended Complaint seeks equitable relief in the form of rescission of the agreement to retire; reinstatement to employment; reinstatement of the pension plan; reformation of the pension plan to provide enhanced benefits; and reformation of the medical benefits plan. Defendants argue that these requests for damages are merely requests for monetary damages.

The court notes that there is precedent for the possibility of equitable relief such as reinstatement and reformation. *See e.g.*, *Varity Corp.*, 516 U.S. at 492 (plaintiffs seeking reinstatement into the ERISA plan); *Gore v. El Paso Energy Corp Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 n.2 (6th Cir. 2007) (noting that reformation is possible equitable relief under 29 U.S.C. § 1132(a)(3)). However, reformation of the pension plan requires some speculation regarding whether Plaintiffs would have been subject to the July reduction-in-force. In addition, the court would like the Plaintiffs to address Defendants' argument that their request for equitable relief is merely another way of seeking monetary damages. Further, even if this court is able to grant equitable relief in this case, it is unclear how the Plaintiffs are prepared to consider the past benefits they have received based on their voluntary retirement decision. Therefore, this court will order Plaintiffs to provide it with briefing regarding the specific equitable relief that they request, to include the factual feasibility of their requested equitable relief given the individual circumstances of this case, as well as the legal support for their requested equitable relief.

This court makes no judgment regarding the merit of Plaintiffs' underlying breach of fiduciary duty claim. As Defendants point out, Plaintiffs' claim of breach of fiduciary duty may be without merit due to the fact that the July 2003 reduction-in-force was involuntary. Plaintiffs may further need to overcome the hurdle of demonstrating that they would have been laid off in July. Moreover, it is still unclear to this court how each of the individual Defendants is alleged to have violated ERISA's provisions. However, since these issues are not before the court at this time, it will decline to address them further.

Following the parties' opportunity to brief Plaintiffs' requests for equitable relief and this court's intended dismissal of the denial of benefits claim, this Court will create a discovery

management plan and will carefully review and manage any proposed discovery to ensure relevance to the breach of fiduciary claims.

### IV.     Conclusion

As stated *supra*, Defendants' motion to dismiss Plaintiffs' claim for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) will be **DENIED**. This court further intends to **DISMISS** Plaintiffs' claim for monetary relief sua sponte. However, Plaintiffs will have an opportunity to respond to this court's intention to dismiss with further briefing and evidence. The parties will also have an opportunity to provide briefing regarding the factual feasibility of and legal authority for Plaintiffs' requested equitable relief.

A separate order will enter.


Dated: 10/31/07

                   */s/ R. Allan Edgar*
                   R. ALLAN EDGAR
                UNITED STATES DISTRICT JUDGE