UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT ASGAARD, ALAN D.
PAANANEN, G. SCOTT PERRY,
CHARLES R. SUNDBERG, and
SCOTT P. SUNDBERG

    *Plaintiffs,*

v.

ADMINISTRATOR, PENSION PLAN
FOR THE EMPLOYEES OF
CLEVELAND-CLIFFS, INC., AND ITS
ASSOCIATED EMPLOYERS - PART C
(THE PENSION PLAN), HEALTHCARE
BENEFITS PROGRAM FOR SALARIED
RETIREES AND SURVIVING SPOUSES
OF CLEVELAND-CLIFFS, INC. AND
ASSOCIATED EMPLOYERS (THE
RETIREE MEDICAL PLAN), TILDEN
MINING COMPANY, L.C., CLIFFS
MICHIGAN MINING COMPANY,
CLIFFS MINING SERVICES COMPANY
INC., EMPIRE IRON MINING
PARTNERSHIP, CLIFFS EMPIRE, INC.,
THE CLEVELAND-CLIFFS IRON
COMPANY, INC., and CLEVELAND-
CLIFFS INC.,
Jointly and Severally,

    *Defendants.*
_____/

Case No. 2:06-cv-00063
HON. R. ALLAN EDGAR

**MEMORANDUM**

**I.**    **Procedural History**

    Plaintiffs Robert Asgaard, Alan D. Paananen, G. Scott Perry, Charles R. Sundberg, and

Scott P. Sundberg (collectively "Plaintiffs") bring this action against Defendants Pension

Committee, the Plan Administrator, Pension Plan for the Employees of Cleveland-Cliffs, Inc., and its Associated Employers - Part C (the "Pension Plan"), Healthcare Benefits Program for Salaried Retirees and Surviving Spouses of Cleveland-Cliffs, Inc., and Associated Employers (the "Retiree Medical Plan"), Tilden Mining Company, L.C., Cliffs Michigan Mining Company, Cliffs Mining Services Company, Inc., Empire Iron Mining Partnership, Cliffs Empire, Inc., the Cleveland-Cliffs Iron Company, Inc., and Cleveland-Cliffs Inc., Jointly and Severally, (collectively "Defendants") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendants moved to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. [Court Doc. No. 5]. Defendants argued that Plaintiffs failed to exhaust their administrative remedies under ERISA. Plaintiffs opposed the motion to dismiss. [Court Doc. No. 7]. Rather than dismissing Plaintiffs' claims for failure to exhaust, this court ordered the Defendants to supply Plaintiffs with the materials they requested and to make an administrative decision regarding Plaintiffs' claims. This court retained jurisdiction, stayed the case, and ordered the parties to file a notice of the administrative decision. [Court Doc. No. 28].

On April 2, 2007 the Defendants filed a notice of the decision on administrative appeal with this court. [Court Doc. No. 29]. The administrative decision reviewed the initial denial of Plaintiffs' claim on December 16, 2004 and denied Plaintiffs' appeal. [Court Doc. No. 29-2].

On May 25, 2007 following a status conference with the parties, this court lifted the stay and ordered the parties to provide briefing regarding whether the court needed to review the administrator's interpretation of the ERISA plan or any other issues. [Court Doc. No. 33]. Following the parties' submission of briefing, this court ordered the Plaintiffs to file an amended

-2-

complaint clarifying their claims under ERISA. Plaintiffs did so. [Court Doc. No. 39]. Plaintiffs' Second Amended Complaint alleged a claim pursuant to 29 U.S.C. § 1132(a)(3) for equitable relief relating to an alleged breach of fiduciary duty by Defendants, as well as a claim under 29 U.S.C. § 1132(a)(1)(B) for denial of benefits.

Defendants moved to dismiss Plaintiffs' Second Amended Complaint in part. [Court Doc. No. 41]. Defendants sought to dismiss the Plaintiffs' claims for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) as being duplicative of their claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). This court denied Defendants' motion, but informed the parties that it intended to dismiss Plaintiffs' claim for denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), allowing the Plaintiffs an opportunity to provide briefing regarding the proposed dismissal of the denial of benefits claim. [Court Doc. No. 45].

The parties have now provided the court with their briefing regarding dismissal of the denial of benefits claim. [Court Doc. Nos. 46, 47]. In their brief Plaintiffs do not argue that this court should not dismiss their denial of benefits claim pursuant to 29 U.S.C. § 1132(a)(1)(B). Therefore, in accordance with its October 31, 2007 memorandum, this court will **DISMISS** Plaintiffs' 29 U.S.C. § 1132(a)(1)(B) claim.

## II. Proposed Equitable Relief

This court has previously described the basic facts outlined in the various complaints filed by the Plaintiffs on three separate occasions. [Court Doc. Nos. 38, 27, 45]. Plaintiffs allege that the Defendant employers and agent employees of the Defendants induced them to retire in June of 2003 by informing them that the workforce would be reduced in July of 2003 and "that no enhanced pension plan benefits would be offered as part of this reduction in

workforce" and that "the cost of retiree medical benefits would increase if they retired after June 30, 2003." [Court Doc. No. 39, Second Amended Complaint, ¶¶ 22-23]. Plaintiffs retired, and Defendants terminated many employees in July of 2003. However, instead of offering no enhanced benefits upon termination, Plaintiffs contend that Defendants provided a severance package for employees terminated in July of 2003, as well as health and medical benefits at the same cost provided to those employees, including plaintiffs, who elected to retire at the end of June 2003. The Second Amended Complaint asserts that Plaintiffs' employers "provided enhanced pension benefits of up to 111% of annual salary to the cash balance pension account of each employee selected for termination pursuant to the reduction in workforce. The benefit was called Special Cash Balance Account Credit and was vested under the Pension Plan even if the rest of an employee's benefits were not vested." Second Amended Complaint, ¶ 40. Plaintiffs allege that the Defendants "seriously considered" the plan enhancements prior to July of 2003, but failed to inform the Plaintiffs that such benefits were under consideration. Second Amended Complaint, ¶ 29. Plaintiffs contend that "Plaintiffs [sic] employers and employees of Cleveland Cliffs, Inc. acting as agents of Plaintiffs [sic] employers breached their fiduciary duty to them by providing them with inaccurate and incomplete information and by not informing them that it was seriously considering enhancements to its pension plan." *Id.* at ¶ 42. Plaintiffs assert that Defendants have violated 29 U.S.C. § 1104 pertaining to fiduciary duty.

The Second Amended Complaint asks this Court for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of: rescission of their agreement to retire; reinstatement of their employment; reinstatement of their pension plan; and reformation of the pension plan to provide enhanced benefits. Second Amended Complaint, ¶ 45. This court is dismissing any request for

monetary relief. Plaintiffs' briefing to this court also appears to abandon their contention that they would have been subject to the July 2003 RIF. [Court Doc. No. 46, pp.2, 4, 5]. Plaintiffs conclude that they will not seek discovery regarding whether they would have been chosen for termination. *Id.*

ERISA's Section 502 provides for plan participants and beneficiaries to bring civil enforcement actions seeking equitable relief for violations of fiduciary duty. 29 U.S.C. § 1132(a)(3). The statute allows participants and beneficiaries to seek several different kinds of relief. It provides in relevant part:

A civil action may be brought– . . .

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(3).

The main contentions of fact appear to be whether Defendants or some agents of various Defendants seriously considered the severance benefit enhancements prior to when the Plaintiffs accepted voluntary retirement and whether the Defendants misled the Plaintiffs into thinking that no such benefits would be offered to those involuntarily terminated and that the cost of benefits for those who were not terminated would increase. Plaintiffs apparently contend, that but for Defendants' alleged misrepresentations, they would have elected to retain their jobs, and either have been subject to the RIF or be working for Defendants to this day. Either way, they claim they would have been better off than they are currently. Thus, the facts of this case revolve around what Defendants' agents told Plaintiffs and whether they misrepresented their

consideration of enhanced severance benefits and the rising costs of premiums to employees who remained after July 2003.

As this court has already emphasized several times, the Supreme Court has made clear that Section 502(a)(3) provides solely for *equitable* relief. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S.Ct. 708, 713 (2002); *Mertens v. Hewitt Associates*, 508 U.S. 248, 255, 113 S.Ct. 2063 (1993)). The Second Amended Complaint seeks equitable relief in the form of rescission of the agreement to retire; reinstatement to employment; reinstatement of the pension plan; reformation of the pension plan to provide enhanced benefits; and reformation of the medical benefits plan. Although it is still not entirely clear what equitable relief is feasible in this case or what specific equitable relief would provide "appropriate" relief, the court notes that there is precedent for the possibility of equitable relief such as reinstatement, reformation, and front pay. *See e.g.*, *Gore v. El Paso Energy Corp Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 n.2 (6th Cir. 2007) (noting that reformation is possible equitable relief under 29 U.S.C. § 1132(a)(3)); *Schwartz v. Gregori*, 45 F.3d 1017, 1022-23 (6th Cir. 1995) (noting that back pay could constitute restitution, a form of equitable relief, and that front pay and reinstatement to employment are both forms of equitable relief). However, the court must also use caution not to create a windfall for the Plaintiffs. *See e.g., Henry v. Champlain Enterprises, Inc.*, 445 F.3d 610, 624 (2d Cir. 2006) (noting that "[t]he aim of ERISA is 'to make the plaintiffs whole, but not to give them a windfall'") (quoting *Jones v. UNUM Life Ins. Co. of America*, 223 F.3d 130, 139 (2d Cir. 2000)).

The court further notes that although Plaintiffs make broad factual assumptions regarding the ease of reinstating the Plaintiffs to their prior positions, the factual record in this case is slim.

The court also has concerns regarding whether reinstatement constitutes appropriate relief when the harm that the Plaintiffs initially alleged is that they were misinformed about enhanced benefits being considered for those subject to the RIF to which they allegedly would have been subject and to which they now are willing to concede they would not have been subject. However, perhaps considering the appropriate remedy at this stage is putting the cart before the proverbial horse, and the parties should now focus upon whether Plaintiffs can establish the merits of their claim, i.e. whether Defendants breached their fiduciary duties under ERISA. Therefore, the court will address the question of what constitutes "appropriate equitable relief" only at such time as Plaintiffs demonstrate, if they can, the merits of their claim.

As stated in its previous memorandum, this Court will create a discovery management plan and will carefully review and manage any proposed discovery to ensure its narrow scope and its relevance to the Plaintiffs' remaining breach of fiduciary duty claim.

### III.  Conclusion

As stated *supra*, this court will **DISMISS** Plaintiffs' claim for monetary relief pursuant to ERISA's 29 U.S.C. § 1132(a)(1)(B) sua sponte.  The court will issue a notice of a scheduling and discovery conference at which the parties should be prepared to discuss a trial schedule, as well as proposed discovery that will need to be conducted on the merits of the breach of fiduciary duty claim.

A separate order will enter.

                                        /s/ R. Allan Edgar
                                            R. ALLAN EDGAR
                                  UNITED STATES DISTRICT JUDGE